THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NATHANIEL BROWN, JR., Defendant-Appellant.

First District (3rd Division)   No. 76-779

Opinion filed December 14, 1977.

James Geis and Victoria J. Meyers, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Mary Ellen Dienes, and Paul E. Kelly, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court: Nathaniel Brown, Jr., was tried in a joint trial with co-defendant Thomas Yancey. Both defendants were convicted by a jury of the murder of William Wilkerson. The Circuit Court entered judgment on the verdict and sentenced Brown to a term of 50 to 90 years in the penitentiary. On appeal his sole contention is that the sentence imposed is excessive. Defendant Yancey has a separate appeal pending in this court.

The body of William Wilkerson, 15 years of age, was found at the bottom of an elevator shaft in a building at 4155 South Lake Park Avenue in Chicago. Wilkerson's body, discovered on the morning of October 13, 1974, by an elevator repairman, was found lying face up with a cloth stuffed in the mouth. An electrical cord was tied around the throat and blood covered the chest area. An autopsy subsequently showed that Wilkerson had been shot three times—twice in the chest and once in the left temple. The third shot had been fired at close range and it was the opinion of the pathologist that this wound had been the cause of Wilkerson's death.

Details of the events surrounding Wilkerson's murder were provided by two State witnesses—Andrew Dickens and Demitrious Parks. At the time of the trial, Dickens was 17 years of age while Parks was 16 years of age. They testified that they encountered Brown, then 15 years old, Yancey, then 21, and Wilkerson in a laundry room on the 11th floor of the building at 4155 South Lake Park Avenue on the evening of October 12, 1974. At that time, Brown had a gun and was boasting that he was attempting to kill Wilkerson. Wilkerson was crying and shaking and the chest area of his shirt was covered with blood. Dickens and Parks claimed that they tied Wilkerson's hands at the order of Brown and that Brown and Yancey then forced Wilkerson out into the hall and attempted to shove Wilkerson down an open elevator shaft. When they were unsuccessful, due to Wilkerson's struggling, Brown and Yancey took Wilkerson back to the laundry room. There they attempted to strangle him, first with a stocking and then with a broomstick; they placed the broomstick over Wilkerson's throat and began stepping on both ends of the stick at the same time. Finally, Brown put a gun to Wilkerson's left

temple and pulled the trigger three times; the first two clicks did not go off but the gun fired on the third try striking Wilkerson. Brown and Yancey then dragged Wilkerson's body to the elevator and shoved it down the open shaft.

Brown's defense at trial was directed at challenging the credibility of Parks and Dickens. The sole witness offered by Brown was the counsel of his co-defendant. That witness claimed that in a telephone conversation with Parks, Parks had denied Yancey's involvement in the incident and that he had implicated Yancey only because he had been threatened with prosecution by the police.

On appeal Brown has chosen not to challenge the jury's verdict but rather raises only the issue of whether the sentence imposed by the trial court is excessive; in particular, Brown asks this court to reduce the minimum term of his sentence. In making this request, Brown does not attempt to mitigate the heinous nature of the crime, but rather argues that since there are indications that he has a high potential for rehabilitation, the court should have imposed a sentence with a high maximum and a low minimum term to provide for the possibility of, and even to induce, rehabilitation.

While this court has the power to reduce a sentence imposed by a trial court (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4)) we may do so only where that sentence is so manifestly improper that it constitutes an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The appellate court should not modify a sentence simply because its judgment might have been different from that of the trial court. *People v. Smith* (1975), 28 Ill. App. 3d 908, 329 N.E.2d 896.

■■■ In effect, Brown contends that the sentence imposed by the Circuit Court of Cook County conflicts with the proscriptions of section 11 of article I of the Illinois Constitution of 1970 because the sentence fails to properly provide for the possibility of rehabilitation. This constitutional provision requires that the sentence imposed by a court must be a product not only of the retributive purposes but also the rehabilitative purposes of the punishment. The mandate of this constitutional provision is not fulfilled merely by including rehabilitation into the sentencing deliberations as a counterweight to retribution but rather must be acted upon as an actual objective of the sentence. (*People v. Gibbs* (1977), 49 Ill. App. 3d 644, 364 N.E.2d 491.) However, no standards have yet been devised which can precisely indicate when that rehabilitative objective has been met. The propriety of a sentence is inextricably tied to the particular factual situation of each individual case.

■■ The record in the present case gives no indication that the trial court failed to consider the objective of rehabilitation in determining

Brown's sentence; the argument presented by Brown at the sentencing hearing was effectively the same as the argument presented here. In making its ruling, the court was aware of the extremely brutal nature of the offense for which Brown was convicted, an offense which amounted to an "execution-style" murder. The presentence investigation revealed that Brown had been arrested or detained by the police on a number of occasions since he was about 8 years of age and suffered juvenile incarceration in several institutions. The results of a psychiatric examination and a psychological examination were tendered to the court as part of the presentence investigation. Both of these evaluations emphasize the extremely aggressive character of the defendant. Based upon this record, we cannot say that Brown's potential for rehabilitation is such that the trial court's refusal to enter a low minimum sentence was an abuse of discretion.

For the above stated reasons, the sentence of the Circuit Court of Cook County is affirmed.

Affirmed.

SIMON, P. J., and JIGANTI, J., concur.