(No. 48957.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOSEPH PERRUQUET, Appellee.

*Opinion filed October 5, 1977.*

150

GOLDENHERSH and DOOLEY, JJ., dissenting.

William J. Scott, Attorney General, of Springfield, and Robert H. Howerton, State's Attorney, of Marion (James B. Zagel, Assistant Attorney General, and Bruce D. Irish and James R. Sanders, of the Illinois State's Attorneys Association Statewide Appellate Assistance Service, of Mt. Vernon, of counsel), for the People.

Michael J. Rosborough, Deputy Defender, and Randy E. Blue, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This case involves the scope of the power of a reviewing court to modify a criminal sentence. The defendant, Joseph Perruquet, pleaded guilty to the crime of burglary (Ill. Rev. Stat. 1973, ch. 38, par. 19—1) before the circuit court of Williamson County. Following a sentencing hearing, the circuit court sentenced the defendant to a minimum of 1 year and a maximum of 20 years in prison. The appellate court reduced defendant's sentence to a minimum of 1 year and a maximum of 5 years. (41 Ill. App. 3d 543.) We granted the State leave to appeal and now reverse the judgment of the appellate court and reinstate the sentence entered by the circuit court.

The presentence report and the testimony at the sentencing hearing disclosed the following facts. Defendant was 21 years old, married, and the father of two children. He only attended school until the 8th grade and was, as a practical matter, an illiterate. Defendant had been in and out of trouble with the law since the age of 14. In October 1966 defendant was committed to the Illinois Youth Commission as a result of delinquencies referred to in the

Commission's records as criminal damage to property, breaking and entering, and auto larceny. On June 3, 1967, defendant was paroled from institutional custody, but was returned on February 16, 1968, as a parole violator charged with criminal damage to property and breaking and entering. Defendant was next paroled on January 3, 1969. He was returned as a parole violator in June of 1969 as a runaway and a sex delinquent. On August 27, 1969, defendant was again paroled, and he was subsequently dismissed from the custody of the Youth Commission on August 17, 1970.

Defendant was convicted of his first offense as an adult on August 19, 1970, when he was found guilty of theft in Will County and sentenced to probation. At the time of the burglary conviction involved in the present case, a charge of criminal damage to property was also pending against defendant in Franklin County. The record does not disclose the disposition of this charge. Defendant was unemployed when he committed the burglary, but he had generally been working steadily since the theft conviction in 1970, and he was participating in a Job Corps training program at the time of sentencing.

Immediately prior to imposing sentence, the trial court made the following remarks:

"Now, what I basically have here is a man who has a history of criminal offenses. You have reached the age of 21 and here you commit another offense, a serious offense, burglary. *** Now the fact that you have had a poor education; if you want to improve your life, you can do so in the penitentiary. But, there are a lot of people who can read and write and they still steal. Just because you learn to read and write and have a new trade doesn't mean that you will stop stealing. And that is what you are going to have to determine for yourself. I feel sorry for your kids. I don't like to do it but I'm going to do it because I cannot sit here conscientiously and say that a man who has committed one theft after another from the time he was 14 years old, is going to walk out of this

Court Room and have a big change of heart and not steal people's property.

Now, I am going to set the penalties so that you will have an opportunity to come out of the penitentiary; that you will have the opportunity to make a new life; but I am also going to set a maximum to where when you do come out of the penitentiary that either you are going to ôbey the law, on your own or else they are going to take you and virtually throw the key away. There has to be a stop somewhere and its up to you Mr. Perruquet."

The defendant was thereupon sentenced to a minimum of 1 year and to a maximum of 20 years. This sentence represents the minimum and the maximum imprisonment provided by statute for the offense charged. Ill. Rev. Stat. 1973, ch. 38, pars. 19—1(b), 1005—8—1.

The sole issue in this appeal is whether the trial court committed error by imposing a sentence of from 1 to 20 years' imprisonment. In reducing the maximum term to 5 years, the appellate court did not expressly state in what manner the trial court had erred, but stated that, "[a]fter carefully considering the seriousness of the offense and the history and character of the defendant, we believe the maximum sentence in this case should be reduced to five years." 41 Ill. App. 3d 543, 549.

Our Rule 615(b)(4) grants reviewing courts the power to reduce the sentence imposed by the trial court. (58 Ill. 2d R. 615(b)(4).) The rule itself does not address the scope of this power or the circumstances under which it should be exercised. However, our decisions have firmly established that the imposition of a sentence is a matter of judicial discretion and that, absent an abuse of this discretion, the sentence of the trial court may not be altered upon review. (*People v. Butler* (1976), 64 Ill. 2d 485, 490; *People v. Burbank* (1972), 53 Ill. 2d 261, 275; *People v. Bonner* (1967), 37 Ill. 2d 553, 563.) And this test has been applied in numerous appellate court opinions. See, *e.g.*, *People v. Thomas* (1976), 38 Ill. App. 3d

689; *People v. Pack* (1976), 34 Ill. App. 3d 894; *People v. Young* (1975), 30 Ill. App. 3d 176.

The defendant contends, however, that a reviewing court may reduce a sentence absent a finding of an abuse of discretion. This contention is clearly incorrect under the previously cited decisions of this court which have interpreted Rule 615(b). To whatever extent the appellate opinion implicitly holds that an abuse of sentencing discretion need not be shown in order for a reviewing court to alter a sentence, that opinion is erroneous.

We have frequently stated that the trial judge is normally in a better position to determine the punishment to be imposed than the courts of review. (*People v. Butler* (1976), 64 Ill. 2d 485, 490; *People v. Burbank* (1972), 53 Ill. 2d 261, 275; *People v. Taylor* (1965), 33 Ill. 2d 417, 424.) A reasoned judgment as to the proper sentence to be imposed must be based upon the particular circumstances of each individual case. (*People v. Bolyard* (1975), 61 Ill. 2d 583, 589.) Such a judgment depends upon many factors, including the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. (*People v. Dukett* (1974), 56 Ill. 2d 432, 452.) The trial judge, in the course of the trial and the sentencing hearing, has an opportunity to consider these factors "which is superior to that afforded by the cold record in this court." (*People v. Morgan* (1974), 59 Ill. 2d 276, 282.) We continue to find that the trial court is normally the proper forum in which a suitable sentence is to be determined and the trial judge's decisions in regard to sentencing are entitled to great deference and weight. We therefore reaffirm our long-standing rule that absent an abuse of discretion by the trial court a sentence may not be altered upon review. We next consider whether the record discloses that the trial court abused its discretion by imposing the sentence in the instant case.

The Illinois Constitution provides that "[a]ll penalties

shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, sec. 11.) The purposes of the Unified Code of Corrections include the restoration of offenders to useful citizenship and the prescription of criminal sanctions which recognize the rehabilitative potential of individual offenders. (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—2.) The trial judge is thus charged with the often difficult and delicate responsibility of fashioning a sentence which will not only protect the interests of society, but will also allow for the possibility of rehabilitation of the offender.

We have previously mentioned several of the factors which a sentencing court must consider when determining the appropriate sentence for a particular offender. Here, there is no contention that the trial judge considered improper factors in imposing sentence or that he was unconcerned with the rehabilitative potential of the defendant. To the contrary, the record reveals that the trial judge was fully aware of the defendant's past record, his family situation, and his personal traits.

The record also clearly reveals that the sentencing judge reached his decision only after a great deal of thought and deliberation, and that the sentence imposed was consciously designed to provide the defendant with a strong incentive for self-rehabilitation. The trial judge was faced with the task of sentencing a man for the serious offense of burglary. As the trial court observed, the defendant had been consistently engaged in criminal activity since the age of 14 and the care and supervision of the proper authorities had not resulted in any discernible rehabilitation. By combining a long maximum sentence with a minimum sentence which could allow the defendant to leave the penitentiary in less than one year, the trial judge was clearly attempting to provide defendant with an incentive to remake his life and conform his conduct to

that which society has a right to demand from every individual. We note that the imposition of similar sentences, in order to provide incentive for self-rehabilitation, have been approved by our appellate courts. See *People v. Willingham* (1976), 35 Ill. App. 3d 975 (sentence of 4 to 20 years); *People v. Pack* (1976), 34 Ill. App. 3d 894 (sentence of 4 to 40 years); *People v. Young* (1975), 30 Ill. App. 3d 176 (sentence of 2 to 20 years); *People v. White* (1974), 23 Ill. App. 3d 225 (sentence of 1 to 20 years); *People v. Majors* (1972), 8 Ill. App. 3d 540 (sentence of 1 to 10 years).

In summary, the trial court, after consideration of the proper factors and full compliance with statutory requirements, reached a reasoned decision that a sentence of from 1 to 20 years would serve the best interests of the defendant in providing an opportunity and incentive for rehabilitation, and would also protect the public should attempted rehabilitation of the defendant once again fail. As mentioned, the trial judge was in the best position to observe and evaluate the myriad factors which comprise the sentencing determination. It is not our function to serve as a sentencing court, and we will not substitute our judgment for that of the trial court merely because we feel that we would have imposed a different sentence had that function been delegated to us. In light of the defendant's history of criminal activity, we cannot say that the trial court abused its discretion in imposing sentence in the instant case.

Therefore, the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent from that portion of the majority opinion which holds "that absent an abuse of discretion by the

trial court a sentence may not be altered upon review." Cited in support of this proposition are *People v. Butler,* 64 Ill. 2d 485, *People v. Burbank,* 53 Ill. 2d 261, and *People v. Bonner,* 37 Ill. 2d 553. *People v. Butler* does not so hold. It merely states in passing that the trial court did not abuse its discretion. *People v. Bonner* cites no authority, and *People v. Burbank* relied on *People v. Taylor,* 33 Ill. 2d 417, and *People v. Hampton,* 44 Ill. 2d 41, both decided long prior to the adoption of the 1970 Constitution. It should be noted, too, that Mr. Justice Schaefer, the author of *People v. Butler,* joined in the dissent in *People v. Burbank,* in which it was said:

> "Finally, I disagree with the majority that a sentence is not to be modified on appeal unless the trial court, in imposing it, abused its discretion. Judicial discretion is abused ' "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." [Citation.] ' *Peek v. United States* (9th cir.), 321 F.2d 934, 942.) Neither the statutory provision which originally authorized reduction of sentences nor our Rule 615 (50 Ill. 2d R. 615) requires that there be an abuse of discretion shown as a prerequisite to the exercise of the power, and a reviewing court should review the propriety of the sentence in the same manner as other errors."

The majority recognizes that the Constitution of 1970 provides that "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship"

(Ill. Const. 1970, art. I, sec. 11), and that one of the purposes of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—2) is to implement the constitutional provision. It is impossible to reconcile these constitutional and statutory provisions with the requirement that a reviewing court limit its inquiry concerning the propriety of a sentence to the narrow question whether the trial court, in imposing it, abused its discretion.

To review sentences in the manner espoused by the majority vests the circuit courts with virtually unlimited discretion in imposing them. This broad discretion and the resultant disparity in sentences have been justly criticized. (See ABA Standards Relating to the Appellate Review of Sentences (Approved Draft 1968).) The implementation of the Constitution requires that sentences be reviewed not solely to determine whether there has been an abuse of discretion but whether the circuit court followed the constitutional and statutory guidelines. See Ill. Rev. Stat. 1973, ch. 38, pars. 1001—1—2; 1005—4—1; 1005—6—1.

MR. JUSTICE DOOLEY joins in this dissent.