THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ISADORE McKENNIE, Defendant-Appellant.

First District (5th Division)   No. 76-1174

Opinion filed November 23, 1977.

Stuart H. Galesburg, of Sheldon Oliver Zisook, Ltd., of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Myra J. Brown, and William G. Pileggi, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant was found guilty after a bench trial of the theft of property less than $150 in value (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)) and sentenced to a term of 12 days in the House of Correction. On appeal he contends that the trial court abused its discretion in imposing sentence. No question is raised as to the sufficiency of the evidence to support the conviction and a detailed summary of the evidence is unnecessary.

The record discloses that Dorothy Williams, the complaining witness, and defendant were employed by the same manufacturing plant in Chicago. As she was leaving work on the afternoon in question, she and a co-worker observed the defendant and two other men remove the battery from her car parked on the public street and drive away with it in another vehicle. The defendant was known to her by sight, and the co-worker had known him as a plant employee for eight years.

Defendant's evidence, adduced through himself, a second co-worker and a plant foreman, showed that defendant was inside the plant and on

the job when the incident occurred. Defendant had been steadily employed by that company for 10 years.

After defendant was found guilty, the State advised the trial court that defendant had no prior convictions. The trial court stated, "as long as he will be stealing from company employees, twelve days in the house." On appeal, defendant argues that the trial court abused its discretion in failing to consider the circumstances of his lack of prior record, his steady employment and the nature of the instant offense in imposing sentence, and he suggests that probation or periodic imprisonment might be a proper disposition.

OPINION

■■ The imposition of sentence is a matter of judicial discretion. The court on review will not interfere with the trial court's determination in that regard unless it is apparent that the court had abused that discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The offense of petit theft is a Class A misdemeanor. (Ill. Rev. Stat. 1975, ch. 38, par. 16—1.) The sentence of imprisonment for a Class A misdemeanor is for any term less than one year as set out in section 5—8—3(a)(1) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—3(a)(1)).

■■ The record discloses no abuse of discretion by the trial court in the imposition of the instant sentence. The court was aware of the nature of the case, the defendant's history and his work record. The court also was able to observe the demeanor of the defendant during the course of the trial. Under such circumstances, we cannot say the sentence imposed was the result of an abuse of discretion by the trial court.

For these reasons, the judgment of the circuit court is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.