THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BURDELL VAUGHN, Defendant-Appellant.

First District (3rd Division)    No. 78-164

Opinion filed February 21, 1979.

Ralph Ruebner and Michael J. Pelletier, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Paul C. Gridelli, and Christopher Cronson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Burdell Vaughn, was charged with armed robbery. After a jury found him guilty of that crime, the trial court sentenced him to six to 18 years. On appeal defendant contends that certain comments of the prosecutor during closing argument deprived him of a fair trial. Defendant also argues that the sentence imposed was excessive and should be reduced by this court.

On August 18, 1976, at approximately 3:30 p.m., Harold Nyberg was robbed in a parking lot near a hotel in Chicago. Nyberg testified that defendant, armed with a gun, approached and forced him to surrender his wallet, car keys and wristwatch. Defendant was joined at Nyberg's vehicle by a woman accomplice. As the pair entered Nyberg's vehicle, the latter ran into the street and flagged a cab. Nyberg saw a squad car and informed Officer Bursoni he had just been robbed.

Officer Harris Bursoni of the Chicago Police Department testified that upon being informed of the robbery he chased defendant. He observed defendant take off his shoes during the chase but defendant scaled a wall and Bursoni was unable to catch him.

Officer Mitchell Nicklewicz arrested defendant. After talking to Nyberg at the scene of the robbery, Nicklewicz apprehended defendant a short distance away. Defendant was standing at the bottom of basement stairs trying to hide the gun used in the robbery. Nicklewicz recovered Nyberg's watch from defendant.

Defendant testified that on that afternoon he and his girlfriend, a prostitute, walked from their hotel room to the parking lot. She was soliciting and he accompanied her for protection. Neither of them were

wearing shoes. The girl talked to Nyberg in the parking lot and, after the conversation, returned and handed defendant a watch she said Nyberg had given her. The pair returned to Nyberg and defendant told him he could do what he wanted but would answer to defendant if anything happened to the girl. Defendant showed Nyberg a loaded gun he carried for protection but did not withdraw it from his trousers. Defendant believed that the absence of a firing pin rendered the gun inoperable. As the trio walked to the hotel, Nyberg flagged a police car. Defendant testified he ran because he thought Nyberg was communicating with the vice police. He denied robbing or demanding property from Nyberg. Defendant stated he had not heard from his girlfriend since he was arrested.

The parties stipulated that defendant's gun had the appearance of being inoperable, but that it had been tested and did fire.

Defendant contends that certain comments made by the prosecutor during closing argument were so prejudicial as to have deprived defendant of a fair trial. The first comment was as follows:

"And I think when you go back to the jury room, you will just have one decision to make and that is if you are going to believe Mr. Nyberg or are you going to believe the defendant. And if you believe Mr. Nyberg, there is no other conclusion that you can reach other than the State has proved its case and that time I will expect you to fulfill your promise and sign a guilty verdict."

During rebuttal closing argument, the prosecutor commented on the verdict forms the jury would receive:

"One of them, this not guilty one says, you are a liar, Harold Nyberg and says you are a liar Sergeant Bursoni and it says, it doesn't matter, it doesn't matter that a man can commit an armed robbery * * * in broad daylight * *' *, and it doesn't matter that you can get caught red handed, get caught with a gun, get caught with the proceeds. It doesn't matter. Then there is the other instruction, that other instruction says some things, too. And that says Burdell Vaughn, you can't come in here and tell us a fairy tale and get off. It says you can't come in here and make the victim into the criminal."

Defense counsel offered no objection to the comments. Citing *United States v. Vargas* (7th Cir. 1978), 583 F.2d 380, defendant argues that the prosecutor's comments distorted the burden of proof by suggesting incorrectly what the jury must find in order to reach a certain verdict, and that this distortion denied defendant a fair trial.

Any error in closing argument may be waived by failure to make an objection in the trial court. (*People v. Edwards* (1973), 55 Ill. 2d 25, 302 N.E.2d 306; *cert denied* (1974), 415 U.S. 928, 39 L. Ed. 2d 486, 94 S. Ct.

1438.) The mere occurrence of improper remarks does not of itself mandate reversal. (*People v. Mackins* (1974), 17 Ill. App. 3d 24, 308 N.E.2d 92; *cert. denied* (1975), 419 U.S. 1111, 42 L. Ed. 2d 808, 95 S. Ct. 786.) In order to warrant reversal, it must be shown that the remarks resulted in substantial prejudice (*People v. Coleman* (1977), 51 Ill. App. 3d 499, 366 N.E.2d 1026), constituted a material factor in the conviction (*People v. Lewis* (1976), 38 Ill. App. 3d 995, 349 N.E.2d 528), or that the judgment would have been different had the improper comments not been made. (*People v. Trice* (1970), 127 Ill. App. 2d 310, 262 N.E.2d 276.) We believe that the comments of the assistant State's Attorney were not a significant factor in the jury's determination. To conclude that the comments were significant would require us to disregard the overwhelming evidence of defendant's guilt adduced by the State. We also believe *United States v. Vargas* is distinguishable. In that case the prosecutor informed the jury that if it found defendant not guilty to write on the verdict that every prosecution witness lied. The prosecutor also improperly introduced evidence of prior crimes by defendant. The court also found several other trial errors which together warranted reversal. In the present case, defendant suggests no additional assignment of error.

Defendant also argues that the sentence of six to 18 years is excessive and should be reduced. At the hearing in aggravation and mitigation the court learned that defendant, 27 years old, had only one previous conviction, a misdemeanor conviction for criminal trespass to vehicle for which he received one year probation. Defendant had served in the Air Force and, at the time of the offense, was attending a school for hairdressers.

■■ The Illinois Supreme Court has mandated that a reviewing court should not alter a sentence absent an abuse of discretion by the trial court. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) In *People v. Jovicevic* (1978), 63 Ill. App. 3d 106, 379 N.E.2d 665, we stated at page 118 that it was not our function "to serve as a sentencing court, and we will not substitute our judgment for that of the trial court merely because we may have imposed a different sentence had that function been delegated to us." Under the facts and circumstances of the present case, we believe the trial court properly exercised its discretion in its imposition of sentence. See *People v. Johnson* (1976), 42 Ill. App. 3d 194, 355 N.E.2d 577.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.