THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
REFUGIO GUTIERREZ, Defendant-Appellant.

Second District   No. 78-147

Opinion filed November 5, 1979.

Robert P. Will, Jr., of Waukegan, for appellant.

Dennis Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant was charged by information with murder. In a jury trial he was found guilty and was sentenced to 25 to 35 years in the penitentiary.

As part of the investigation of the death of Elizabeth Butler, police went to defendant's home on the day after her death. Defendant had been the victim's boyfriend. The police identified themselves to defendant's father and to defendant, and asked defendant to come to the police station to talk about Ms. Butler's death. Defendant agreed to accompany them and was read the *Miranda* rights en route.

At the police station, defendant was taken to an interrogation room in a security area. The room is about 12 feet square and has no windows. Defendant was again read the *Miranda* rights, stated that he understood them, and signed a form acknowledging his understanding. When police read a waiver of the right to an attorney, defendant did not sign it, but rather asked for an attorney. One policeman then left to notify the State's attorney of the request and defendant was asked to empty his pockets. He did so and then sat silent for about one minute. He then told the remaining policeman that he needed to talk to someone and asked if he could talk to the policeman. The officer replied that under the law he could not talk with the defendant at that time because he had requested a lawyer and that the only way he could talk to defendant at that time was if defendant waived his right to an attorney. Defendant then immediately signed the waiver of attorney form.

Police thereupon questioned defendant about the death. Defendant initially made one statement in which he related that four men attacked defendant and the victim, but that defendant escaped and went to Chicago. In a later discussion with police, he made another statement in which he indicated that he and the victim were in a parked car and began to argue; he pushed the victim and she pushed back; he struck her and she struck back; defendant then dragged her from the car, struck her on the face with a flashlight, went to the car to get a snowscraper and returned to strike her with that; he returned to the car a second time and took a wire from the car and attempted to choke her with it and when that didn't work he squeezed her neck with his hands until she quit breathing, whereupon he kicked her. Defendant then removed her ring, took her wallet from her purse and hitchhiked into Chicago.

■■ Prior to trial, defendant moved to suppress his inculpatory statement. The trial court found that there was a custodial interrogation, but that defendant had made a knowing and intelligent waiver of his right to counsel, and the motion was denied. Defendant contends that his initial request for an attorney must act as an absolute bar to the admission of any statement he made after the request and before he was allowed to consult

with an attorney. We disagree. *People v. Morgan* (1977), 67 Ill. 2d 1, 364 N.E.2d 56, held that a defendant may waive his initial request for counsel. Here, defendant's request for counsel resulted in a cessation of questioning while police attempted to inform the State's attorney of the request. It was defendant's own free·act which waived his right to counsel, and we conclude that the statement was properly admitted.

■■ Defendant also contends that it was error to refuse his tendered instruction on voluntary manslaughter. The only basis for such an instruction in the present cause would have to be that the victim and defendant engaged in an argument before the incident. We do not view this evidence as being sufficient to support a manslaughter instruction (see *People v. Seaberry* (1978), 63 Ill. App. 3d 718, 380 N.E.2d 511), and we conclude that it was not error to deny it. We note also that when the physical fight began, it was defendant who struck the first blow and that he dragged the victim from the car and returned to the car two times before killing her.

■■ After delivery of the guilty verdict, the jury was polled. However, only 11 jurors were polled and one was not. After the polling, the court entered judgment on the verdict; ordered a presentence investigation; remanded defendant to the sheriff's custody; excused the jury; and heard motions of counsel. The bailiff then informed the court that through an oversight only 11 jurors had been polled. At the State's attorney's suggestion, and over defendant's objection, the jury was recalled within two minutes of their dismissal and was polled again, all 12 jurors now answering that the verdict was and is their verdict. Defendant's motion for a mistrial was denied. Defendant contends on appeal that the court erred in denying the motion for a mistrial and in failing to grant a new trial based on the allegedly improper polling and repolling after discharge of the jury. First, we note that defendant did not object to the improper polling at the time it occurred. In fact, after the 11th juror was polled, defense counsel thanked the court. Further, the First District has addressed this question in *People v. Johnson* (1974), 18 Ill. App. 3d 219, 309 N.E.2d 619. In that case, only 11 jurors were polled, defense counsel made no objection at the time of polling, the jurors were returned after the error was discovered, and the remaining juror was polled, answering that the verdict was and is his verdict. As the *Johnson* court concluded, this error, not even originally noticed by counsel, is not grounds for granting a new trial, particularly as no prejudice is shown.

■■ Finally, defendant contends that his sentence is excessive. Sentencing is within the discretion of the trial court, and the sentence will not be altered on review absent an abuse of that discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Considering that the sentence is within statutory limits, considering also the nature of the crime and all

other circumstances of the case, we conclude that there is no abuse of discretion in the sentence.

We accordingly affirm the decision of the trial court.

Affirmed.

NASH and LINDBERG, JJ., concur.