THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN D. RANDS, Defendant-Appellant.

Second District   No. 79-400

Opinion filed August 4, 1980.

Mary Robinson and David S. Morris, both of State Appellate Defender's Office, of Elgin, for appellant.

John H. Maville, State's Attorney, of Belvidere (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant was charged with the offenses of burglary and possession of burglary tools. After a bench trial, the defendant was convicted on the burglary charge and acquitted on the possession of burglary tools charge. The defendant was sentenced to a term of three years' imprisonment.

The defendant presents a single issue for review. Did the trial court abuse its sentencing discretion where it first observed the appropriateness of probation, but subsequently imposed a penitentiary term. He posits alternate theories in this regard. On the one hand, defendant argues that the trial court had sentenced him to a term of probation on October 19, 1978, and thereafter the November 14 sentence of imprisonment constituted an improper revocation of probation since no probation revocation charge had been brought under section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4). On the other hand, defendant argues that since, on October 19, the court had found him eligible for probation, the sentence of imprisonment subsequently imposed constituted an abuse of discretion. We reject both arguments as being without merit and affirm the conviction.

The defendant, age 21, and his 18-year-old brother, were apprehended by police who responded to a burglar alarm in the basement of the Central Grain building in Belvidere. At trial, the defense was intoxication to such a degree that the defendant could not have the requisite intent to commit the crimes charged. The trial court, as noted above, rejected that theory.

A sentencing hearing was held on October 19, 1978. After the trial judge offered the prosecution and the defense the opportunity to introduce evidence or to make arguments or statements, he made the following pronouncement:

"THE COURT: I have carefully considered this matter and have reviewed again all of the reports, letters and records in this matter

and it is the order of this Court that you, Steven D. Rands, having been found guilty of burglary, a felony, shall be sentenced to the Department of Corrects [*sic*], State of Illinois, Adult Division, for a period of three years. I will order a stay of execution of mittimus for thirty days. During this thirty day period you will be eligible to apply to the Community Correctional Center of the Department of Corrections, and if you are accepted by that program this sentence will be vacated. You will be sentenced to a term of probation for a period of two years and as a condition of said probation will be sentenced to one year in the Winnebago County Correctional Center of the Department of Corrections. The terms of your probation are that you shall not violate any laws of the State of Illinois, or any other jurisdiction; that you shall report regularly to your Probation Officer and co-operate fully with any counselling recommended by the Probation Officer or the Department of Corrections concerning drugs or alcohol and that you shall also gain employment and be steadily employed and pay costs and charges for board and room. The Probation Officer to make arrangements for any evaluation by the Winnebago County Correctional Center. Defendant to be granted credit for time served heretofore on sentence to the Department of Corrections but no credit will be given for time served prior to this date should it be reduced as I have stated herein. Do you have any questions of the Court or your attorney, Mr. Rands?

DEFENDANT: No."

On November 13, 1978, the defendant filed a motion for reconsideration of sentencing. In that motion the defendant alleged that he applied for the work release program at the Community Correctional Center of the Department of Corrections, and was rejected as an applicant for said facility after a personal interview. The motion further alleged that while he was incarcerated at the Boone County jail, the defendant observed and heard a jailer approach the interviewers from the Illinois Department of Corrections and voluntarily give them information to the effect that the defendant was a security risk and that he was involved in escape attempts from the jail.

On November 14, 1978, a hearing was held on the defendant's motion for reconsideration of sentencing. The defendant testified that the jailer told the interviewers of the Illinois Department of Corrections that the second day the defendant was in jail he, his brother and two others planned an escape. According to the defendant, the jailer told the interviewers that the defendant and the others were going to kidnap the jailer and take him to Mexico. The defendant denied the truth of that statement. The defendant also testified that the jailer told the interviewers

that the defendant was in "Solitute" because the defendant had flooded out his cell block.

The court stated for the record that he had read the Department of Corrections letter, which stated that the Department had considered the documentation of the presentence report and the defendant's attitude during the interview with its representative. The court observed that the letter indicated that the Department of Corrections was of the opinion that the defendant was an "* * * individual requiring strict control in an institutional setting * * *," and having considered the defendant's behavior while at the Boone County Public Safety Building, was of the opinion that the defendant was inappropriate for the work release program.

The court went on to state:

"THE COURT: * * * The Court does note that the investigation that was presented here is in the nature of a supplemental presentence report; that necessarily in a presentence report there is much hearsay evidence presented to the probation officer or other person who is preparing the report; that the Defendant has an opportunity to dispute or confront any of the statements that are reported in the presentence report; that also there are necessarily, as the result of any investigation of a person charged with a crime, many potentially prejudicial statements which are made to the investigating officer which may or may not be described from the report or may or may not influence the actual nature of the report and the Court itself having considered the presentence report, the factilities [sic] that are available through the Winnebago County Correctional Center and the Court taking into account and realizing that the Department of Corrections has discretion as to whether they accept a person committed to the correctional center and the Court does not have authority to place a person in this facility without the consent of the Department of Corrections, it would appear to the Court that even accepting all of the testimony of the Defendant that the occurance [sic] described did happen, that the Supervisor did have in her discretion the power to make a judgment based upon the presentence investigation and the interview with the Defendant that would reasonably sustain the execution in denying the admission to the Winnebago County Correctional Center. What I am saying, if everyting [sic] stated here is true it would appear nonethe-less that the Supervisor of the Correctional Center had it in her discretion to make this decision and that there was evidence that would sustain that. Therefore, I'm going to deny the motion to the extent that the Court would make a finding that any of the Defendant's rights have been violated by

this exercise of discretion. However, the Court will on your motion, Mr. Russell, fully reconsider the sentence that has been imposed and will hear any additional evidence which you will wish to present."

The defendant presented no further evidence. The court summed up the evidence and considerations he had reviewed and then sentenced the defendant to a three-year term in the Department of Corrections. This appeal followed.

Defendant's initial argument that he was sentenced to probation on October 19, 1978, and then probation was improperly revoked on November 14, 1978, is easily dismissible. Quite clearly, defendant was not sentenced to a term of probation on October 19, 1978. The court announced alternative sentences of imprisonment and probation with work release, the latter dependent upon an acceptance into the program. When acceptance of the defendant was denied, it was incumbent on the court to then impose an appropriate sentence. The defendant's "Motion for Reconsideration of Sentencing" brought this matter before the court on November 14, 1978. The court heard evidence. He indicated, "You have asked me to reconsider it [the sentence] and I'm going to reconsider everything before I redecide it * * *."

The defendant argues that Illinois law mandates, in the absence of certain aggravating factors, that a court impose probation or conditional discharge as an alternative to imprisonment, in accordance with its policy to rehabilitate rather than punish an offender. He argues that the imposition of a penitentiary sentence in lieu of a probation sentence in this case was an abuse of sentencing discretion.

The Illinois Constitution provides:

"All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. * * *" Ill. Const. 1970, art. I §11.

The Unified Code of Corrections provides:

"Except where specifically prohibited by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstances of the offense, and to the history, character and condition of the offender, the court is of the opinion that:

(1) his imprisonment or periodic imprisonment is necessary for the protection of the public; * * *." Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1(a)(1).

The trial judge had before him the presentence report, and the testimony of the sentencing hearing which disclosed the following facts:

Defendant was 21 years old and unmarried. He had an extensive juvenile court involvement since age 14 when he was placed on

supervision and later adjudged a delinquent minor and committed to the Department of Corrections where he was twice paroled and twice returned to the Department for parole violations. At age 18 he was sentenced to 90 days in jail for theft under $150, and sentenced to two years' probation and six months in jail for criminal damage to property and criminal trespass to vehicle. At age 20, the defendant was sentenced to one year in jail in Iowa for burglary.

The presentence report also summarized medical reports which showed the defendant had been diagnosed schizophrenic in 1974 and in 1976 the diagnosis a psychiatrist arrived at was paranoid schizophrenia with brain damage most likely due to continued drug use.

The presentence report also showed that the defendant had no job and a very poor employment record. It also noted that the defendant had previously been placed on work release and had been terminated from that program because of infractions of the rules.

■■ The circumstances militating against the statutory preference of probation are evidenced in the present record. The defendant has not affirmatively established that the sentence imposed was erroneous. Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—4.1; *People v. Perruquet* (1977), 68 Ill. 2d 149.

The defendant was sentenced for a Class 2 felony for which the maximum penalty could have been a term of seven years. We do not find a three-year sentence to be an abuse of discretion in this case.

■■ The defendant argues that when the court accepted the decision of the Illinois Department of Corrections denying the defendant's admission to the work-release program, the court improperly delegated its sentencing function to the Department of Corrections, citing *People v. Montana* (1942), 380 Ill. 596.

The *Montana* case involved a sentencing statute which allowed prison and parole authorities, after judicial sentencing of a defendant, to change the minimum or maximum term of the defendant's sentence. This allowed an administrative board to change a judicial judgment and was thus found to be in violation of the Illinois Constitution.

In this case, the refusal of the Department of Corrections to admit the defendant to a work release program was simply a foreclosing of one of the numerous sentencing options available to the trial judge. This was not a delegation of the sentencing authority as in *Montana.*

For the foregoing reasons, the judgment of the circuit court of Boone County is affirmed.

Judgment affirmed.

VAN DEUSEN and WOODWARD, JJ., concur.