THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JERRY WOJTASIK, Defendant-Appellant.

First District (4th Division)    No. 80-1124

Opinion filed January 28, 1982.

James J. Doherty, Public Defender, of Chicago (Timothy K. McMorrow, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Casimir J. Bartnik, and Sandra M. Stavropoulos, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

After a jury trial on February 22, 1980, Jerry Wojtasik, defendant, was found guilty of attempted deviate sexual assault (Ill. Rev. Stat. 1977, ch. 38, par. 8—4). In a separate jury trial on a second indictment, defendant was charged with aggravated kidnapping, unlawful restraint,

deviate sexual assault and indecent liberties with a child (Ill. Rev. Stat. 1977, ch. 38, pars. 10—2, 10—3, 11—3, 11—4(a)(2)). On February 26, 1980, defendant was found guilty of those charges. On March 20, 1980, defendant was sentenced for convictions in both trials, receiving concurrent sentences of 30 years for deviate sexual assault, 15 years for attempted deviate sexual assault, 15 years for indecent liberties with a child, and 3 years for unlawful restraint. Defendant appeals from these convictions.

On appeal, the following issues are presented for review: (1) whether it was error to admit evidence of both sexual assaults in each of defendant's trials when the two assaults for which defendant was tried were dissimilar and not probative of any issues at the trial of the other assault; (2) whether defendant's conviction for indecent liberties with a child can stand when based on the same incident as his conviction for deviate sexual assault; and (3) whether defendant's sentence is excessive.

We affirm.

Defendant was charged by indictment No. 79-5028 with deviate sexual assault, indecent liberties with a child, aggravated kidnapping and unlawful restraint of a 9-year-old girl. Indictment No. 79-5029 charged defendant with attempted deviate sexual assault and aggravated battery of a 16-year-old girl. The cases were tried separately before separate juries. Prior to each trial, defendant filed a motion *in limine* to exclude evidence of any sexual assault other than the specific one for which he was being tried. The trial court denied both motions.

In the first case to be tried, the victim testified that on August 4, 1979, she was 16 years old. On her way home from work, she stopped at a 7-Eleven store. After leaving the store, she walked through an alley where she noticed defendant approaching her. As she passed him, he grabbed her from behind, around the neck, and turned her so that she was facing him. He ordered her to perform an act of fellatio. Defendant held her head and kept pushing his lower body into her as he asked her to perform the act. After struggling with him for some time, she was able to escape. She walked to 61st and Kolmar where she met her friends, told them what had occurred, and gave them a description of her assailant. The victim went home, told her father about the attack, and called the police.

The victim stated that later that evening she went to the police station where she identified defendant as her assailant in a lineup. At trial, the victim was shown a picture of the lineup and identified defendant in the photo. She also positively identified defendant in court.

The State presented other witnesses who testified that they had detained defendant near the scene of the attack. The police officers who arrested defendant also testified.

Another victim, aged 9, testifying for the State, stated that on August 2, 1979, she was coming from the Post Office, walking down Central Park

Avenue, when defendant grabbed her by her waist, picked her up, and carried her into a garage. She testified that defendant performed cunnilingus on her and forced her to perform an act of fellatio on him. She stated that whenever she began to cry, defendant would hit her across her face; when she attempted to talk, he would choke her.

The jury returned a verdict of guilty for attempted deviate sexual assault of the 16-year-old victim. Defendant was acquitted of aggravated battery. Following a hearing in aggravation and mitigation, defendant was sentenced.

In the other trial, the 9-year-old victim repeated her testimony concerning defendant's sexual assault upon her. She also stated that when she returned home she told her mother of the attack, gave her mother a description of her assailant, and the police were called. Two days later, the victim identified defendant in a lineup. She also identified defendant at trial. The victim in the first trial testified in this trial and repeated her earlier statements concerning defendant's sexual assault upon her.

The jury verdict in the trial involving the 9-year-old victim found defendant guilty of deviate sexual assault, indecent liberties with a child, aggravated kidnapping, and unlawful restraint. Following a hearing in aggravation and mitigation, defendant was sentenced. No sentence was imposed for the aggravated kidnapping conviction.

Defendant first contends the trial court committed reversible error when it allowed evidence of both sexual assaults to be introduced in each of defendant's trials, claiming the two assaults were dissimilar and, thus, not probative of any issues at the trial for the other offense.

Defendant correctly states the general rule that evidence of other crimes for which defendant is not on trial is inadmissible. (*People v. Lehman* (1955), 5 Ill. 2d 337, 342, 125 N.E.2d 506, 509.) However, there are exceptions to this rule. Thus, such evidence is admissible where it goes to show common scheme or modus operandi. (*People v. McDonald* (1975), 62 Ill. 2d 448, 455, 343 N.E.2d 489, 492-93; *People v. Martin* (1979), 80 Ill. App. 3d 281, 293, 399 N.E.2d 265, 275.) In fact, it has been broadly held that evidence of other offenses is admissible if relevant for any purpose other than to show propensity to commit a crime. *People v. McDonald* (1975), 62 Ill. 2d 448, 455.

The issue of admissibility turns on whether, in light of the applicable exception, the trial court abused its discretion in allowing that testimony. (*People v. Martin* (1979), 80 Ill. App. 3d 281, 294.) In the instant case, the trial judge allowed the victim in the second case to testify in the first case because the circumstances surrounding the second criminal act were probative. The trial judge stated:

> "[W]e have a girl in a similar area under similar circumstances where she is unable to fight off the defendant because she is

younger * * *, and the State will introduce evidence of what, basically, your defendant did to this young girl, since she was unable to fight him off.

On that basis, since it is very probative * * *, it's not just an incident of somebody fooling around with somebody in an alley or a girl getting a mistaken impression; the fellow grabs her in an alley for a specified purpose, namely an attempt on oral copulation whereby the State will produce evidence that he did make this younger girl orally copulate him. It is very probative."

Subsequently, the trial judge denied defendant's motion to exclude the testimony of the other victim in the other case. The trial court found acutely similar acts and circumstances involved in both cases.

■■ Although there are some differences in the two cases—the ages of the victims; the fact that one assault was an attempt while the other was a completed offense—those differences do not outweigh the similarities of the two crimes. A review of the record indicates that the character of the attacks upon the victims and the modus operandi in each were substantially similar. Under the circumstances, there was no error in admitting the testimony of the other crime.

Defendant contends his conviction in the case involving the 9-year-old for indecent liberties with a child must be vacated, since it was based on the same act as his conviction of deviate sexual assault. Defendant alleges that his conviction for both indecent liberties with a minor and deviate sexual assault arose out of a single assault on the 9-year-old victim. Defendant contends he may not be convicted of more than one offense arising out of the same physical act.

Defendant accurately states the general rule that it is legally impermissible to convict defendant on more than one of the charges in those instances where more than one offense is carved from the same physical "act." (*People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45.) However, the *King* decision clarified the meaning of "act" by stating:

"Multiple convictions and concurrent sentences should be permitted * * * where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." 66 Ill. 2d 551, 566.

■■ Applying the *King* test to the facts before us, we conclude that the offenses of indecent liberties with a child and deviate sexual assault are

based on separate acts, each requiring proof of a different element (see Ill. Rev. Stat. 1977, ch. 38, pars. 11—3, 11—4(a)(2)), and, consequently, the convictions for both offenses were proper.

Finally, defendant contends his sentence was excessive and reflected an abuse of the trial court's discretion. Given his age, the fact that he served in the United States Marines, and he had no prior felony convictions, defendant asserts that he should not have been given the maximum sentence.

It has been frequently stated that the trial judge is normally in a better position to determine the punishment to be imposed than are the courts of review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.) A judgment as to the proper sentence to be imposed must be based upon the particular circumstances of each individual case. (*People v. Perruquet* (1978), 68 Ill. 2d 149, 154.) Such a judgment depends upon many factors, including defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. (*People v. Perruquet* (1978), 68 Ill. 2d 149, 154.) The trial judge, in the course of the trial and the sentencing hearing, has an opportunity to consider these factors in a manner superior to that afforded to the reviewing court which deals with the "cold record." The trial court's decision regarding sentencing is entitled to great deference and weight. (*People v. Perruquet* (1978), 68 Ill. 2d 149, 154.) While Supreme Court Rule 615(b)(4) allows a reviewing court to reduce the sentence imposed by the trial court, this power should be exercised only when there has been an abuse of discretion and such action is required. *People v. Villa* (1981), 93 Ill. App. 3d 196, 203, 416 N.E.2d 1226, 1232.

The record in this case reveals that the trial judge was fully aware of defendant's family situation, his personal traits, and the fact that he had no prior record. During the hearing in aggravation and mitigation, two girls other than the 9-year-old and the 16-year-old testified that they had been assaulted by defendant; one of them had been raped but the other girl was able to escape from defendant. Subsequently, both girls identified defendant in a lineup and in court.

■■ After considering all of the factors in this case, the trial judge determined defendant's sentence. We cannot say that the trial judge abused his discretion in imposing the sentences.

For all of the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LINN, J., concurs.

JUSTICE JIGANTI, dissenting:

I fail to see how the admission of this evidence of a prior crime can be justified upon the basis of the modus operandi exception. Modus operandi has been defined as a like crime by the accused so nearly identical in method as to earmark it as the handiwork of the accused. (McCormick, Evidence §190, at 449 (2d ed. 1972).) For the exception to apply, more is demanded than the mere repeated commission of crimes of the same class. The device used must be so unusual and distinctive as to be like a signature. McCormick, Evidence §190, at 449 (2d ed. 1972).

Illinois case law incorporates a similar definition of modus operandi. Evidence that the accused has committed another crime wholly independent of or disconnected from the one for which he is being tried is not admissible unless there are peculiar and distinctive features common to the crimes committed. (*People v. Lehman* (1955), 5 Ill. 2d 337, 125 N.E.2d 506; *People v. Bond* (1968), 99 Ill. App. 2d 45, 241 N.E.2d 218.) There must be substantial connecting links between the crimes which are "strikingly similar." *People v. Tate* (1981), 87 Ill. 2d 134.

In this case, the State alleges the following similarities between the prior and instant crimes; both victims were children, both were attacked in broad daylight in an alley, both victims were grabbed from behind, both victims had noticed the defendant in their vicinity before the attack, both attacks occurred on the southwest side of the city two days apart, and in both attacks the defendant tried to force his victims into an act of oral copulation. In my judgment, these are general similarities which do not rise to the level of the peculiar, unusual or distinctive features of a common scheme. (See *People v. Middleton* (1976), 38 Ill. App. 3d 984, 350 N.E.2d 223 (doctor injected a drug into six different victims on six separate occasions and then sexually assaulted each victim); *People v. Shorter* (1978), 59 Ill. App. 3d 468, 375 N.E.2d 513 (two separate occasions where the accused, armed with two containers of gasoline, used them as weapons to rob currency exchanges).) Grabbing girls in an alley for the purpose of sexually assaulting them does not constitute a "signature" of the accused, nor are two such crimes "strikingly similar."

I cannot conclude that the introduction of such evidence here was harmless error. Therefore, I would reverse the judgment of the trial court and remand for a new trial.