THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD GLENN SAMIER, Defendant-Appellant.

Third District   No. 3—85—0295

Opinion filed June 2, 1986.

Robert Agostinelli and Kenneth D. Brown, both of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (Raymond L. Beck, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

On July 27, 1983, following a jury trial, the defendant, Donald Glenn Samier, was convicted of the offenses of kidnaping, aggravated kidnaping, and unlawful restraint. The trial court sentenced the defendant to a term of 15 years' imprisonment. On appeal, this court vacated the defendant's convictions for kidnaping and unlawful restraint and remanded the cause for resentencing on the aggravated kidnaping conviction. (*People v. Samier* (1985), 129 Ill. App. 3d 966, 473 N.E.2d 601.) Upon resentencing, the defendant was again sentenced to a term of 15 years' imprisonment.

The defendant again appeals, contending that the imposition of an identical 15-year maximum sentence for aggravated kidnaping was excessive and an abuse of discretion where the defendant did not have a history of violent criminal conduct, where he did not harm the victim, and where the trial court did not consider the defendant's efforts to rehabilitate himself. We affirm.

The imposition of a sentence is a matter for the discretion of the trial court. Absent an abuse of that discretion, a reviewing court may not alter the trial court's sentence. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Upon reviewing the record, we find no abuse of discretion by the trial court in resentencing the defendant.

Initially, we note that at the resentencing hearing, the trial court indicated that it imposed the original sentence for aggravated kidnaping, the most serious felony for which the defendant was convicted, without considering the fact that the jury returned two other convictions. Thus, in reimposing a 15-year sentence for aggravated kidnaping, the trial court did not violate the provisions of section 5—5—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—4) which prohibit the imposition on resentencing of a new sentence which is more severe than the prior sentence.

Additionally, we note that on resentencing, the court considered evidence that the defendant injured the victim. She suffered bruises on her back and cheek, and her ears were bleeding. There also was evidence that he twice threatened her, at knife point, with death.

The court also considered the defendant's criminal history. That history showed that the defendant had been convicted twice for misdemeanor theft in Illinois. He also was convicted in Iowa for the felony of "breaking and entering," receiving a 10-year prison sentence. The defendant committed the instant crime only three months after his release on parole from prison in Iowa. Further, there is evidence that the defendant attempted to kidnap two other females, both minors, just two days prior to the day he committed the crime in question.

Lastly, we find nothing in the record to indicate that the trial court failed to consider the defendant's efforts at rehabilitation. The defendant's efforts at rehabilitation, which include a good institutional record for the current offense, aiding authorities on two unrelated crimes, and attempting to get his high school equivalency degree, are not such that the trial court's imposition of a maximum sentence under these circumstances was in any way an abuse of discretion.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HEIPLE, P.J., and STOUDER, J., concur.