THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BARBARA A. MORRISON, Defendant-Appellant.
Third District   No. 3—90—0900

Opinion filed August 28, 1991.

Joseph Gibson, of Peoria, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Barbara A. Morrison, entered a negotiated plea of guilty to the offense of theft (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(1)). The trial court subsequently sentenced her to a 30-month term of imprisonment. The defendant appeals the length of her sentence. We affirm.

The record shows that the defendant was employed by the L.R. Nelson Company for approximately 20 years. She was the personal secretary of the owner, and her responsibilities included the reconciliation of reports pertaining to the company's travel advance fund. The defendant admitted that over a three-year period she took $20,000 from the company.

The presentence report showed that the defendant was a 55-year-old grandmother with no prior criminal record. It also contained a number of letters from individuals providing character references for her.

At the sentencing hearing, the defendant testified that she took the money to finance a child custody lawsuit involving her two young grandchildren. She used the money to hire a private detective to gather information on the children's mother. The detective found that the mother was a prostitute who lived with her two children and pimp in a local pool hall. Through the efforts financed by the defendant, the children were eventually removed from the mother's custody and given to the father, the defendant's son.

The defendant also testified that she had always intended to return the money someday and that she was sorry and ashamed she had betrayed her employer. She also stated that she could pay some restitution out of her 401K plan and her vacation pay. In addition, she was presently working as a manager in a restaurant and, as such, could

continue paying restitution. The State presented no evidence in aggravation.

On appeal, the defendant argues that the trial court abused its discretion in sentencing her to 30 months of imprisonment. Specifically, she argues that the court failed to properly balance the mitigating and aggravating factors presented.

■ Sentencing is largely a matter of judicial discretion and, absent an abuse of that discretion, a sentence may not be altered on review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) When imposing sentence, a trial judge must balance the offender's good prior record and rehabilitative potential with the seriousness of the offense. *People v. Leonora* (1985), 133 Ill. App. 3d 74, 477 N.E.2d 1277.

In the case at hand, the trial court found in mitigation that the defendant had a "clean previous record," and a "fairly good motive" for taking the money. It further noted that a refusal of probation would probably work to the financial detriment of the victim.

However, in aggravation the court found that the defendant took large sums of money over an extended period of time. It noted that she held a responsible position and that there was a need to deter others who held similar positions. Specifically, it stated that "we must get the message out that this stealing, day after day, month after month, year after year from an employer is just not acceptable in our society."

■ In reviewing the sentence imposed by the trial court, it is not our function to determine its propriety based on what we might have done. Rather, we are required to determine whether the court exercised proper discretion in deciding between the various alternatives within the range of appropriate sanctions. Here, the defendant stole a large amount of money over a long period of time. As such, we cannot say that the trial court abused its discretion in sentencing her to a term of 30 months of imprisonment rather than imposing a lesser sentence or a term of probation.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER, P.J., and McCUSKEY, J., concur.