THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TOM LAYNE, Defendant-Appellant.

Third District    No. 80-327

Opinion filed March 27, 1981.

David M. Lynch, of Lynch & Bloom, of Peoria, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant, Tom Layne, pled guilty to the offense of robbery and after an extensive sentencing hearing was sentenced to a term of five years in the Illinois Department of Corrections.

The sole issue presented in this appeal is whether the defendant's sentence should be reduced to three years due to his substantial rehabilitation between the date of the commission of the offense and the date of the imposition of his sentence.

Prior to addressing our attention to this issue it is necessary that certain factual information be set forth. On December 20, 1974, the defendant and James Sutton were charged by indictment with the offense of armed robbery in that on September 19, 1974, while armed with dangerous weapons, to wit, a handgun and shotgun, they took United States currency from Richard Brewer at the Hilltop Tavern in Creve Coeur, Tazewell County, Illinois.

On March 23, 1980, the defendant was arrested. He posted bond and was permitted to return to Texas where he resided. On April 3, 1980, he entered a plea of not guilty and was again permitted to return to the State of Texas pursuant to a security bond of $25,000 which was executed by his

employer. Subsequently, as the result of a plea agreement, the bill of indictment was amended by reducing the offense charged against the defendant from armed robbery to robbery. The defendant pled guilty to the reduced offense. No agreement was entered into between the defendant and the State as to the sentence which was to be imposed, except that the State would make no recommendation as to sentencing and would present no evidence other than the history of the defendant as disclosed by a presentence investigation and the sentence imposed upon codefendants.

At the time he entered his plea of guilty the defendant stated that he was 27 years old and that he resided in Texas. The presentence investigation disclosed that he had a prior burglary conviction, that he was married, and employed by a cable T.V. company earning a take-home pay of approximately $500 per week. The defendant had a son from a previous marriage and regularly made child-support payments.

The sentencing hearing was indeed extensive in that in addition to testifying in his own behalf, 10 other witnesses took the stand and proffered testimony in support of the defendant's assertion that he was rehabilitated and that he should be afforded leniency. Testifying for the defendant were his mother, sister, ex-wife, present wife, brother-in-law (a banker), sister of his ex-wife, step-father-in-law, two former employers (contractors), and the defendant's present employer, who is a contractor for a cable T.V. company in Texas. It should be noted that five of those witnesses were from Texas and incurred considerable expense in coming to Illinois for the purpose of testifying favorably in support of the defendant's argument that a lenient sentence should be imposed. Their testimony can be summarized in that they felt the defendant was not the same man in 1980 as the man in 1974 who committed the robbery. Several were of the opinion that the defendant's problems with the law stemmed from his association with one David Moore and other shady characters and that such associations had been severed. The witnesses described the defendant as being reliable and trustworthy. His employer's testimony was that the defendant had a responsible position, handled a considerable amount of money, and that he was not only willing but desirous of retaining the defendant as an employee.

The final witness at the sentencing hearing was the defendant himself. He admitted committing the offenses of burglary and robbery and that the crimes occurred between 1971 and 1974, but that he had not violated the law of any State since the latter date. It was the testimony of the defendant that a one-time close friend, David Moore, exerted a strong albeit bad influence over him. The defendant also blamed domestic problems with his first wife as well as financial difficulties as being provoking factors which contributed to his participation in the robbery.

The defendant indicated that he had changed his life style many years prior to the time he was arrested in Texas for the crime in question. He also stated that the most important persons in his life were his wife, his children and God. In substance, it was the testimony of the defendant that he was a changed man and that he would never again commit a crime.

The presentence report filed with the court included remarks made by the defendant following his prior conviction for burglary. Those remarks in part were as follows:

> "Since I was arrested for this [burglary] I have seen what a foolish mistake I made and I have sworn to God, my wife, my parents, and *myself* that I will never do anything like that again. I don't think I was very grown up then and I just followed the crowd so they wouldn't think I was afraid. Since then I have learned not to follow the crowd and I think I have grown up very much since then. Life is too short to spend it sitting behind bars. I have also promised by [sic] wife and myself that I will not associate with these people anymore, mainly because I don't want to. I now have a good job and am also married and all I want to do is settle down and lead a good life. I am also considering going back to school and finishing my education and working towards a better career for myself and my family."

The trial judge, after hearing the defendant's testimony at the sentencing hearing in the instant case, noted that such testimony was remarkably similar to the comments he made following his previous conviction for the offense of burglary. The defendant admitted that his testimony had a familiar ring to it.

The trial court made extensive remarks at the time he imposed sentence upon the defendant which clearly demonstrated that the court considered the applicable aggravating and mitigating factors. We see no useful purpose in setting these remarks out in their entirety, since the defendant has advanced no serious argument that there was a failure to consider such factors. We do, however, deem it pertinent to set out a small portion of the trial judge's remarks which is as follows:

> "THE COURT: So then, see, I don't know what all went on, but after that in April, the 24th, 1974, you were found guilty of unlawful possession of cannabis and then on 9/4/75 there was a warrant issued for you out of Christian County for violating your probation. Then on September the 19th, 1974, you accompanied your friend, Mr. Moore, to the Hillside—Hilltop Tavern at which time an armed robbery was conducted, or you are not charged with armed robbery because it has been amended but I don't think there is any dispute that there was an armed robbery and a shotgun

was involved in this case after you said, 'God, I won't do it again. Give me another chance.' "

Following more observations by the trial court the defendant was sentenced to a five-year term of imprisonment. The defendant quarrels not with the fact that since he had a prior burglary conviction he was subject to an extended term sentence of seven to 14 years. Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2(a)(4).

The trial court chose not to impose an extended term sentence and the defendant thereby received leniency; however, it is his argument that more leniency should have been granted in that the minimum sentence of three years should have been imposed. See Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(5).

The precise question presented in this appeal is whether the trial court abused its discretion by imposing a five-year sentence. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882; *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) The record clearly supports the conclusion that there was not an abuse of discretion. Ample aggravating factors were present to provide a substantial basis for the sentence imposed upon the defendant. Those factors were the defendant's prior criminal record, the threat of serious harm present in the robbery, the need to deter others from committing such a crime, and the broken promise of the defendant which he made to a court after committing the crime of burglary.

For the reasons stated the conviction of the defendant and the sentence imposed thereon by the Circuit Court of Tazewell County are affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.