THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM B. HAYES, Defendant-Appellant.

Fourth District   No. 4—88—0385

Opinion filed December 15, 1988.—Rehearing denied January 12, 1989.

Jeffrey B. Wampler, of Erwin, Martinkus, Cole & Ansel, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant William B. Hayes pleaded guilty to driving while his license was suspended, in violation of section 6—303 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303). The circuit court of Champaign County sentenced defendant to a term of nine months' imprisonment in the Champaign County Correctional Center. Defendant filed both a motion to reconsider the sentence and a motion to withdraw his guilty plea and vacate his conviction. Both motions were denied, and defendant appeals. The only question raised by defendant on appeal is whether the nine-month sentence is excessive. We affirm.

Defendant's license was suspended by the Secretary of State in early August 1987 because he had failed to make the proper payment to his automobile insurance carrier. The record indicates that defendant is 66 years old and relies on his 29-year-old son to make his automobile insurance payments. Apparently, defendant's rates were increased, and defendant's son underpaid the premium by $3, causing defendant's insurance to lapse in early August 1987. The insurance company and the Secretary of State both sent notices to defendant, but he did not receive them. Apparently, defendant's mail is sent to his son's address, and defendant occasionally allows time to pass before picking it up. Defendant was given the citation during the 11-day period when his license was suspended. That day, August 18, 1987, defendant was returning from picking tomatoes, and he committed no other offenses other than driving with a suspended license.

Defendant argues the nine-month sentence is excessive under these circumstances. Normally, we would agree that serving nine months for an underpayment of $3 to an insurance carrier is unduly harsh. There should be other facts present which would justify a sentence of very nearly the maximum penalty allowed. There are. They come from defendant's record.

·Defendant's record is abysmal. His criminal record shows a conviction in 1971 for resisting and obstructing a police officer and a second conviction for the same offense in 1975. Defendant received a 20-day jail term following the first offense and a fine following the second.

Defendant's traffic record is far worse. From 1958 until 1974, defendant had 12 traffic violations, including four convictions for reckless driving. In 1974, defendant's license was suspended for having three violations within a 12-month period, pursuant to section 6—206(a)(2) of the Code (Ill. Rev. Stat. 1973, ch. 95½, par. 6—206(a)(2)). Following the suspension, defendant's record shows three more con-

victions for speeding from 1974 until 1977.

In 1979, defendant's license was suspended by the Secretary of State, pursuant to section 11—501 of the Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501). The conviction for this offense was reckless driving, and defendant received a sentence of conditional discharge in addition to a fine. In 1980, defendant had one more traffic offense. In 1981, defendant's license was again suspended, pursuant to section 11—501. This time, defendant was convicted of driving while under the influence of alcohol, in violation of section 11—501 (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501). Defendant was fined, placed on probation for 12 months, and his license was revoked, pursuant to section 6—205(a)(2) of the Code (Ill. Rev. Stat. 1981, ch. 95½, par. 6—205(a)(2)).

In 1983 and 1984, defendant received three more traffic citations, two of which were for driving while his license was revoked. In one of these instances, defendant was given a 90-day term in the county jail and fined. Most of the fine, $922.50, remains unpaid. In January 1987, defendant was fined for a minor traffic offense. He did not pay it.

Still in 1987, defendant's license was suspended three times for failing to comply with the financial responsibility requirements of the Code. (See Ill. Rev. Stat. 1987, ch. 95½, pars. 7—301 through 7—329.) Each of these suspensions lasted less than one month. Defendant's citation and resulting conviction in the instant case for driving while his license was suspended occurred during the second of the three suspensions. In January 1988, defendant received a fourth suspension. His record ends at this point, but not his lack of cooperation.

Defendant failed to appear for a scheduled court hearing pertaining to the instant case on December 16, 1987. A warrant was subsequently issued for his arrest, and defendant forfeited his bond. Later, following his plea of guilty, he was interviewed by the Court Services Department to determine whether he would be suited for intensive probation supervision, thereby avoiding a jail term. Defendant stated he would like to discuss the matter with his attorney prior to making any decision about the program. He left the interview and never came back or telephoned with his decision.

Defendant argues that he has shown improvements since 1985. Defendant attended a substance abuse program and claims to have a new attitude. Moreover, defendant requests leniency because he is caring for his 90-year-old mother.

It is a firmly established principle that the imposition of a sentence is a matter of judicial discretion and that, absent an abuse of

this discretion, the sentence of the trial court may not be altered upon review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.) It is apparent that defendant does not respond to the chastisements of his insurance company, the Secretary of State, or the court. We find the trial court's determination clearly within the bounds of its discretion.

For the reasons stated above, the order of the circuit court of Champaign County is affirmed.

Affirmed.

SPITZ and GREEN, JJ., concur.