THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PETER GONZALEZ, Defendant-Appellant.

First District (5th Division)   No. 78-135

Opinion filed November 30, 1979.

Ralph Ruebner, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Joel A. Eisen-Stein, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

After a jury trial, defendant was found guilty of attempted armed robbery (Ill. Rev. Stat. 1975, ch. 38, pars. 8—4 and 18—2) and conspiracy to commit armed robbery (pars. 8—2 and 18—2) and was sentenced to a prison term of 5 to 15 years for the attempted armed robbery. On appeal, he contends that the trial court's sentence was not based on the individual circumstances of his case. We affirm.

On the evening of February 18, 1976, defendant, who was 19 years old at the time, and four others met in an apartment and agreed to rob the Track Side Lounge at 1758 North Washtenaw. They left the apartment early the next morning and proceeded towards the lounge with each of them wearing a mask which he had made for the holdup and one of them carrying a .30 carbine rifle. When they arrived at the bar, they waited outside for about three minutes and then the person with the rifle entered the lounge and announced the holdup. Two of the others followed him into the lounge and defendant and another person waited outside. Soon after the entry, Donald Walls, one of the patrons of the lounge, came after them with a cue stick in his hand and the man with the rifle shot and killed him. Defendant and the others then fled.

Defendant was charged with murder, attempted armed robbery and conspiracy to commit armed robbery. However, he was only convicted of attempted armed robbery and conspiracy to commit armed robbery because the jury could not agree on a verdict on the murder charge. After hearing arguments on sentencing, the trial court sentenced defendant to a prison term of 5 to 15 years on the attempted armed robbery.

Defendant contends that the trial court erroneously considered itself bound to sentence him to the same prison term as was given one of his co-conspirators. He argues that the trial court did not consider the particular circumstances of his case in setting sentence and thus, it violated article I, section 11 of the 1970 Illinois Constitution (Ill. Const. 1970, Art. I, §11). Consequently, he asks us to remand this case for a new sentencing hearing. We reject defendant's contention.

The report of proceedings of the sentencing hearing indicates that the trial court had either heard or received information on the circumstances of defendant's case. As aggravating facts, the assistant State's

Attorney recited to the court the facts of defendant's involvement in the attempted armed robbery. As mitigating facts, the defense gave the court a presentence report which provided information on defendant's family background and personal history. Also, defense counsel argued to the court that defendant's involvement in the crime was not violent and that defendant came from an obviously caring family and had no prior criminal record.

After the court heard or received these aggravating and mitigating facts, the assistant State's Attorney recommended a substantial penitentiary sentence and said that such a sentence would be consistent with the sentencing of the other offenders. When the defense counsel suggested probation as an alternative, the trial court asked him if that would not create a gross disparity with the sentence received by one of defendant's co-conspirators. The co-conspirator, who was not the one who shot Donald Walls, pleaded guilty to attempted armed robbery and was sentenced to a prison term of 5 to 15 years. Defense counsel responded to the court's question by saying that there was a difference between defendant and his co-conspirator since defendant had pleaded innocent. The court refused to accept this as a distinction since the jury's verdict meant that they disbelieved defendant. The court then went on to state that if a sentence of probation were given to defendant it would create a terrible disparity, and it noted that defendant's background was almost identical to the co-conspirator's background. After some more discussion on the disparity question, the court sentenced defendant to a prison term of 5 to 15 years.

A sentence will not be altered on review unless it is apparent that the trial court has abused its discretion in imposing sentence. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) A trial court abuses its discretion if it does not consider the individual circumstances of a case before imposing sentence. (See *People v. Perruquet.*)

■■ From our reading of the transcript, it is not apparent that the trial court did not consider the individual circumstances of this case before imposing sentence. The record indicates that the trial court had either heard or received information on the individual circumstances of defendant's case. The court was aware of defendant's age, his lack of a prior criminal record, and other matters which would go towards the question of his potential for rehabilitation. Although the trial court did not expressly state that it considered this information before imposing the 5 to 15 year prison term, a failure to make such a statement, in and of itself, does not indicate that the trial court did not consider such matter and thus abused its discretion in sentencing defendant. Since it is not apparent that the trial court did not consider the individual circumstances of this case, we will not disturb the trial court's sentence.

■■ ■ The facts that the trial court (1) expressed a concern over the sentencing disparity which would result if defendant were given probation and (2) gave defendant the same sentence as his co-conspirator does not necessarily indicate that the trial court felt itself bound to give defendant the same sentence as was given his co-conspirator. In sentencing, a trial court is justified in considering a disparity question because fundamental fairness requires that those who are similarly situated do not receive grossly disparate sentences. (*People v. Henne* (1973), 10 Ill. App. 3d 179, 293 N.E.2d 172.) The situations of the defendant and his co-conspirator were sufficiently similar in this case so as to warrant the same sentence. They participated in the crimes to the same extent. Both agreed to the holdup, made masks, and went to the lounge and participated in the attempted armed robbery. Any differences in their behavior were not so significant as to warrant a disparate sentence. Also, the trial court stated that they both had similar backgrounds. Since the similarities in sentence reflect the similarities in the circumstances of both offenders, we cannot say that the trial court considered only the sentence given to the co-conspirator in fixing defendant's sentence.

Furthermore, we believe that the fact that defendant received a sentence of 5 to 15 years, when he could have received a longer sentence, suggests that the trial court considered individual circumstances in rendering its sentence. The crime of attempted robbery may be punishable by a prison term of up to 20 years. (Ill. Rev. Stat. 1975, ch. 38, pars. 8—4(c)(2), 18—2(b), 1005—8—1(b)(3).) Defendant received less than this maximum sentence despite being an active participant in a crime which led to the death of another individual. Defendant agreed to commit the crime with the others, fashioned a mask for the undertaking, and took part in the crime with knowledge that one of his co-conspirators was carrying a rifle. These circumstances indicate an active involvement which could have merited more than a 15-year maximum sentence, particularly in light of the fact that a man was killed during the crime. Although the jury failed to reach a verdict on the charge of murder against defendant, the fact that a man was killed during the commission of the other crimes certainly can be considered as an "individual circumstance" of the case upon sentencing. We believe that it is not apparent that the trial court did not consider this circumstance, as well as others in sentencing, and thus, we cannot say that the trial court's decision constituted an abuse of discretion.

Affirmed.

LORENZ and MEJDA, JJ., concur.