THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE JONES, Defendant-Appellant.

(No. 59102; ▉▉▉▉▉▉▉▉)

First District (5th Division)—August 9, 1974.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, and Shelvin Singer, Professor, I.I.T.-Chicago-Kent College of Law, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant was convicted of the armed robbery of Jackie Allen and Tyrone McClinton in violation of section 18—2 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 18—2) and was sentenced to a term of 4 to 12 years. On appeal defendant contends that: (1) section 2—7(1) of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 702—7(1)) denied him equal protection of the laws; and (2) the maximum sentence imposed by the court was excessive.

The facts of the case are clear. At about 1:30 A.M. on August 12, 1972, defendant, who was armed and was not wearing a mask, ordered Jackie Allen, Eugene Allen, and Tyrone McClinton to stop and he took some money from both Jackie and McClinton. The occurrence was observed by Bayne Pitts, whom defendant had also robbed. Defendant was arrested and identified. After hearing the evidence, the trial judge found defendant guilty as charged. Defendant was 17 years of age. In view of defendant's age, the judge expressed an intent to give defendant the minimum sentence for the crimes and to follow the A.B.A.'s recommended one-third spread between minimum and maximum sentences. The court sentenced defendant to a term of 4 to 12 years.

Defendant first contends that section 2—7(1) of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 702—7(1)) denied him equal protection of the laws. At the time of the offenses, section 2—7(1) provided:

"Except as provided in this Section, no boy who was under 17 years of age or girl who was under 18 years of age *at the time of the alleged offense* may be prosecuted under the criminal laws of this State or for violation of an ordinance of any political subdivision thereof." (Emphasis added.)

Defendant, who was seventeen at the time of the alleged offense, complains that the fact that 17-year-old girls are treated as juveniles, but that 17-year-old boys are treated as adults deprived him of equal protection of the law.

■■ This question has been resolved by the supreme court in *People v. Ellis*, 57 Ill.2d 127, 134, 311 N.E.2d 98. The court, noting that section 2—7 of the Juvenile Court Act has been amended, effective January 1, 1973, to provide equal treatment for boys and girls, stated:

> "In view of the constitutional provision, and the amendment to section 2—7(1), we conclude that the effect of the deletion of the invalid classification from the statute is to render the statute inapplicable to both males and females who are not 'under the age of 17 years,' and that the failure to consider defendant eligible for treatment as a minor under its provisions did not deprive him of equal protection of the laws."

In view of the holding in *Ellis*, we cannot say that defendant was deprived of equal protection of the laws.

■■ Defendant also contends the maximum sentence imposed by the court was excessive. Armed robbery is a Class 1 felony. (See Ill. Rev. Stat. 1973, ch. 38, par. 18—2.) The minimum sentence for such crimes is 4 years (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(2)) and the maximum is any term in excess of 4 years. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(2).) The judge in the instant case stated that he was going to give defendant the minimum sentence for the crimes he committed. Pursuant to section 5—8—1(c)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(2)), he could have sentenced defendant to a term in excess of the minimum. The judge decided to follow the A.B.A.'s recommendation regarding a one-third spread between minimum and maximum terms and therefore sentenced defendant to a term of 4 to 12 years. The purpose of this one-third spread is to permit the most effective rehabilitation of those convicted. In view of the circumstances of the instant crimes, we cannot say that the trial judge abused his discretion in following the A.B.A.'s recommendation.

Therefore, the judgment is affirmed.

Affirmed.

SULLIVAN, P. J., and BARRETT, J., concur.