The People of the State of Illinois, Plaintiff-Appellee, v. Anthony LaRocca, Defendant-Appellant.

(No. 12526;

Fourth District—October 31, 1974.

John F. McNichols and John L. Swartz, of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (James Grohne, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Anthony LaRocca, was convicted following a jury trial of the offense of armed robbery in violation of section 18—2 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, section 18—2) and was sentenced to a 5- to 30-year term of imprisonment. Defendant appeals from the sentence imposed. The sole issue on this appeal is whether the sentence imposed is excessive.

Defendant was convicted of the armed robbery of a liquor store in Springfield, Illinois, on March 6, 1973. Defendant wore a ski mask and held a loaded gun on the owner of the store. At the sentencing hearing on August 24, 1973, defendant presented no evidence in mitigation. The presentence report indicated that defendant was 21 years of age, had no prior criminal record, and had served and been honorably discharged from the army. The court stated that these matters indicated by the presentence report were taken into consideration by the court. Nevertheless, the court then stated:

> "This was an armed robbery. There was a gun used. The gun was introduced into evidence, and as the police officer testified had shells in it—
>
> To this court, that is a very serious offense. The court feels that there are many types of criminal activity that some consideration must be given to the defendant because of his past record, his past history—uh—but when someone takes a gun and walks into an establishment—uh—he has come as close as possible to committing the ultimate crime of murder."

The court then sentenced defendant to 5 to 30 years imprisonment.

■■ Armed robbery is a Class 1 felony and under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1 *et seq.*) such an offense does not have a maximum and the minimum is determined under section 5—8—1(c)(2) as follows:

"(2) [F]or a Class 1 felony, the minimum term shall be 4 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term."

Furthermore, the one-third of the maximum rule mandated for Class 2 and 3 felonies is not applicable to Class 1 felonies. We are aware of our authority under Supreme Court Rule 615 (Ill. Rev. Stat. 1973, ch. 110A, par. 615), to reduce the sentence imposed by the trial court but do not feel this to be an appropriate case for such reduction. We note that the penalty prescribed is within statutory limits and that the trial court considered the standards contained in section 5—8—1(c)(2) in setting the minimum. The trial court conducted a sentencing hearing and had the benefit of a presentence report. On the basis of this record we cannot say that the trial court abused its discretion in imposing such a sentence nor can we say as a matter of law "that the penalty constitutes a great departure from the fundamental law and its spirit and purpose," or that the penalty exceeds the prescription that all penalties are to be proportioned to the nature of the offense. *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673, 677.

Accordingly, the sentence imposed by the circuit court of Sangamon County is hereby affirmed.

Sentence affirmed.

SMITH, P. J., and TRAPP, J., concur.