THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY WILLINGHAM, Defendant-Appellant.

Third District No. 75-76

Opinion filed February 19, 1976.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury trial, the defendant, Gary M. Willingham, was convicted of the crime of armed robbery. He was sentenced to a term of imprisonment for not less than 4 nor more than 20 years. Defendant appeals from the sentence imposed. The only question presented on this appeal is whether the sentence imposed was excessive.

Defendant was convicted of the armed robbery of a service station in Peoria, Illinois, on January 18, 1974. Defendant wore a ladies' nylon stocking over his head and pointed a revolver at the station's attendants.

At the sentencing hearing, defendant presented no evidence in mitigation. The State presented no formal evidence in aggravation at the sentencing hearing. The presentence report revealed that defendant had no prior convictions, he was married with one child and had held a number of jobs during high school and before trial. The State recommended a sentence of 6 to 12 years. The court stated that it had considered the defendant's use of a weapon and his record of no previous convictions. Nevertheless, the court stated:

"I agree with the State that armed robbery with—technically, with weapons, is one of the more serious problems in our society today. However, sentencing is to be individualized to the individual under the circumstances of the particular case and your having no previous convictions background. You are going to receive the benefit of the legislature's setting what I think is the standard of four years for a person in your circumstance on the low side. Now, it could be a sentence of four years to five years; four years to six or seven years. I feel under the circumstances that the Court would be derelict in its duty if it sentenced you to the absolute minimum of say four to five years because you will be released on parole and under supervision of the Department of Corrections for an automatic five year period after your release

from the institution and if you violate that parole, that will be an indication that you haven't learned your lesson in this first sentence. Therefore, I believe the Department of Corrections and, well, then, the parole revocation should have a substantial period of time to work with you."

The court then sentenced defendant to a 4- to 20-year term of imprisonment.

■■ The Unified Code of Corrections provides that armed robbery is a Class 1 felony and does not have a maximum term. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1 *et seq.*) The minimum term is determined under section 5—8—1(c)(2) as follows:

"(2) for a Class 1 felony, the minimum term shall be 4 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term."

In addition, the one-third of the maximum rule mandated for Class 2 and 3 felonies does not apply to Class 1 felonies. *People v. LaRocca,* 23 Ill. App. 3d 249, 318 N.E.2d 637.

■■ In the instant appeal, the trial judge imposed the lowest allowable minimum sentence due to the absence of aggravating circumstances, except for the use of a gun. As for the maximum sentence, the trial judge decided that a greater sentence would provide the Department of Corrections with sufficient time to determine the defendant's capability for rehabilitation. The purpose of "spreading out" a minimum and maximum sentence is to permit the most effective rehabilitation of those convicted. *People v. Jones,* 21 Ill. App. 3d 791, 315 N.E.2d 921.

■■ We are cognizant of our authority under Supreme Court Rule 615 (Ill. Rev. Stat. 1973, ch. 110A, par. 615) to reduce the sentence imposed by the trial court. We deem this case inappropriate for the exercise of this authority. The penalty prescribed is within the statutory limit. In addition, the trial court considered the standards contained in section 5—8—1(c)(2) in setting the minimum sentence. The trial court conducted a sentencing hearing and had the benefit of a presentence report. Under these circumstances, we cannot say the trial court abused its discretion. Nor do we believe the penalty violates the rule that all penalties are to be proportioned to the nature of the offense. *People v. Taylor,* 33 Ill. 2d 417, 211 N.E.2d 673.

For the reasons stated, the sentence imposed by the circuit court of Peoria County is affirmed.

Judgment of conviction and sentence affirmed.

STENGEL and BARRY, JJ., concur.