[Cite as *State v. Gross*, 2019-Ohio-5304.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   | JUDGES:                      |
|------------------------|---|------------------------------|
| STATE OF OHIO          | : | Hon. W. Scott Gwin, P.J.     |
|                        | : | Hon. William B. Hoffman, J.  |
| Plaintiff-Appellee     | : | Hon. Patricia A. Delaney, J. |
|                        | : |                              |
| -vs-                   | : |                              |
|                        | : | Case No. 2019CA0010          |
| DANIEL GROSS           | : |                              |
|                        | : |                              |
| Defendant-Appellant    | : | OPINION                      |


CHARACTER OF PROCEEDING:     Criminal appeal from the Coshocton County
                             Court of Common Pleas, Case No.
                             19CR0005


JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      December 20, 2019



APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JASON GIVEN                         KEVIN J. GALL
318 Chestnut Street                 33 West Main Street, Ste. 100
Coshocton, OH 43812                 Newark, OH 43055

*Gwin, P.J.*

{¶1} Defendant-appellant Daniel Gross ["Gross"] appeals his conviction and sentence after a jury trial in the Coshocton County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On January 4, 2019, Detective Seth Andrews with the Coshocton County Sheriff's Department initiated a traffic stop on a vehicle after observing multiple marked lanes violations. Upon approaching the vehicle, Detective Andrews identified Gross as the driver, Toby Mizer, in the front passenger seat, and Kaylee Clough, in the back seat.

{¶3} While speaking with the occupants of the vehicle, Detective Andrews observed a large bag of suspected methamphetamine located on the floorboard between the passenger, Toby Mizer's legs. Detective Andrews ordered Gross and Mizer to place their hands on the vehicle's dashboard and ordered Clough to place her hands on the ceiling. Toby Mizer refused to abide by the commands and subsequently exited the vehicle and began walking away from the scene. Detective Andrews apprehended him, placed him under arrest, and put him in the backseat of the patrol car. Gross and Clough were arrested. The vehicle was secured and law enforcement obtained a search warrant to search the vehicle. In addition to the suspected methamphetamine found on the passenger's side floorboard, a smoking pipe and syringe were found, as well as loose shards of suspected methamphetamine on the driver side floorboard and seat.

{¶4} Gross was transported to the Sheriff's department where he complained of hallucinations and an increased heart rate. Gross was subsequently transported to the hospital for medical attention. Hospital records revealed that Gross had methamphetamine in his system.

{¶5} The methamphetamine found on the passenger side floorboard was sent to the Bureau of Criminal Investigation and found to be 33.57 grams of methamphetamine. The suspected methamphetamine found on the driver's side floorboard and seat was determined to be 0.54 grams of methamphetamine.

{¶6} During the jury trial, the state presented evidence of recorded phone calls Gross made while he was incarcerated. On a recorded jail phone call, Gross can be heard talking to an unknown female. *See*, State's Exhibit 14. During that phone call, Gross indicates that he ingested the methamphetamine that he had on his person. Gross further indicates that he was aware and had knowledge of the methamphetamine that was located on the front passenger floorboard of Gross's motor vehicle.

{¶7} Gross was indicted by the Coshocton County Grand Jury on January 28, 2019 for one count of Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1(c), a felony of the second degree. The case proceeded to jury trial on June 20, 2019. Following the presentation of evidence, Gross was found guilty of the single count contained in the indictment and sentenced to serve seven years in a state penal institution.

*Assignment of Error*

{¶8} Gross raises one Assignment of Error,

{¶9} "I. THE STATE OF OHIO DID NOT PRESENT SUFFICIENT EVIDENCE THAT MR. GROSS KNOWINGLY POSSESSED METHAMPHETAMINE IN AN AMOUNT THAT EXCEEDED FIVE TIMES THE BULK AMOUNT."

*Law and Analysis.*

{¶10}  In his sole Assignment of Error, Gross argues that there is insufficient evidence that Gross had knowledge of or dominion and control over the 33.57 grams of methamphetamine found underneath the legs of Toby Mizer on the passenger side floorboard of his vehicle.  [Appellant's Brief at 4].

**STANDARD OF APPELLATE REVIEW.**

*Sufficiency of the Evidence.*

{¶11}  The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...."  This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt.  *Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016).  The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court.  *State v. Walker,* 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30.  "This naturally entails a review of the elements of the charged offense and a review of the state's evidence."  *State v. Richardson,* 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶12}  When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed.  *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102 at n. 4, 684 N.E.2d 668 (1997); *Walker,* at ¶30.  "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could

have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus. *State v. Poutney,* 153 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19. Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed,* [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus (emphasis added); *Walker* at ¶31. We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997); *State v. Montgomery,* 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

**ISSUE FOR APPEAL**

*A. Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind of Gross's guilt on each element of the crime of Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1(c) beyond a reasonable doubt.*

{¶13} R.C. 2925.01(K) defines possession as follows: " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's

control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D)(1).

{¶14} Pursuant to R.C. 2901.22(B), "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." Further, "[a] person has knowledge of circumstances when he is aware that such circumstances probably exist." Id. "Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." *State v. Huff*, 145 Ohio App.3d 555, 563, 763 N.E.2d 695(1st Dist. 2001). (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." *State v. McDaniel*, 2nd Dist. Montgomery No. 16221, 1998 WL 214606 (May 1, 1998), *citing State v. Elliott*, 104 Ohio App.3d 812, 663 N.E.2d 412(10th Dist. 1995). *See also, State v. Jones,* 56 Ohio St.2d 35, 38, 318 N.E.2d 637 ("The determination of whether appellant had the required culpable mental state must be made with a view to the totality of circumstances surrounding the beating of Otto Baum. As this court stated in paragraph four of the syllabus in *State v. Huffman* (1936), 131 Ohio St. 27, 1 N.E.2d 313: "The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person, and it need not be. It must be gathered from the surrounding facts and circumstances under proper instructions from the court.").

{¶15} Possession may be actual or constructive. *State v. Butler*, 42 Ohio St.3d 174, 176, 538 N.E.2d 98(1989). To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery*,

46 Ohio St.2d 316, 332, 348 N.E.2d 351(1976). Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93 (8th Dist. 2000). Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Butler, supra*; *State v. Morales*, 5th Dist. Licking No.2004 CA 68, 2005-Ohio-4714, ¶ 50. Ownership of the contraband need not be established in order to find constructive possession. *State v. Smith*, 9th Dist. Summit No. 20885, 2002-Ohio-3034, ¶13. Furthermore, possession may be individual or joint. *Wolery*, 46 Ohio St.2d at 332, 348 N.E.2d 351. Multiple individuals may constructively possess a particular item simultaneously. *State v. Pitts*, 4th Dist. Scioto No. 99 CA 2675, 2000-Ohio-1986. The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession. *State v. Hankerson,* 70 Ohio St.2d 87, 91, 434 N.E.2d 1362, 1365(1982), *certiorari denied* (1982), 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130.

{¶16} If the state relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "'such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.'" *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102 at n. 4, 684 N.E.2d 668 (1997).

{¶17} "'Circumstantial evidence and direct evidence inherently possess the same probative value[.]'" *Jenks*, 61 Ohio St.3d at paragraph one of the syllabus. Furthermore, "'[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a

reasonable doubt.'" *Jenks*, 61 Ohio St.3d at 272, 574 N.E.2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. *State v. Lott*, 51 Ohio St.3d 160, 168, 555 N.E.2d 293(1990), *citing Hurt v. Charles J. Rogers Transp. Co.*, 164 Ohio St. 329, 331, 130 N.E.2d 820(1955). Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. *Lott,* 51 Ohio St.3d at 168, 555 N.E.2d 293, *citing Hurt*, 164 Ohio St. at 331, 130 N.E.2d 820.

{¶18} In *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777(1979), the United States Supreme Court upheld a statute which provided that the presence in an automobile, other than a public one, of a firearm "is presumptive evidence of its possession by all persons occupying such automobile at the time except (a) where the firearm is found upon the person of an occupant, (b) where the automobile is being operated for hire by a licensed operator or (c) if the weapon is a handgun and one of the occupants, not present under duress, has a license to have a handgun." Id. at 442 U.S. 142-143, 99 S.Ct. 2217. The Court noted that the presumption was not a mandatory; rather it was a permissive inference available only in certain circumstances. Further, the jury could ignore the presumption even if there was no affirmative proof offered in rebuttal by the accused. Id. at 160-162, 99 S.Ct. at 2226-2227. Finally, the trial judge in *Allen* explained, "that possession could be actual or constructive, but that constructive possession could not exist without the intent and ability to exercise control or dominion over the weapons." Id. at 161, 99 S.Ct. at 2226.

{¶19} In the case at bar, Gross was driving the van. Drugs were found upon the seat that he was sitting. Methamphetamine was found in his system by the hospital. The

large quantity of drugs was on the passenger side floor in plain view of the officer looking in from the driver side window while speaking to Gross. The jury was able to hear the jail recording of Gross's phone call in which he acknowledged knowing of the large quantity of drugs inside his van.

{¶20} Viewing the evidence in the case at bar in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Gross had committed the crime of Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1(c). We hold, therefore, that the state met its burden of production regarding each element of the crime of Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1(c) and, accordingly, there was sufficient evidence to submit the charge to the jury and to support Gross's conviction.

{¶21} The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992).

{¶22} In the case at bar, the jury heard the witnesses, viewed the evidence and heard Gross's attorney's arguments and explanations about Gross, the others inside the car and the investigating officers' actions. Thus, a rational basis exists in the record for the jury's decision.

{¶23} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. Based upon the foregoing and the entire record in this matter we find Gross's conviction is not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury heard the witnesses, evaluated the evidence, and was convinced of Gross's guilt. The jury neither lost his way nor created a miscarriage of justice in convicting Gross of Aggravated Possession of Drugs in violation of R.C. 2925.11(A)(C)(1(c)

{¶24} Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime for which Gross was convicted.

{¶25} The sole assignment of error is overruled.

{¶26} The judgment of the Coshocton County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur